# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL GARZA et al. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1460-S |
| | § | |
| C.R. BARD INCORPORATED et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs' Unopposed Motion to Sever and Transfer Venue of Out-of-State Plaintiffs' Cases [ECF No. 21]. Defendants filed Responses to the Motion, stating that they do not oppose severance and transfer of the cases identified in the Motion. *See* ECF Nos. 24, 25. For the following reasons, the Court **GRANTS** the Motion.

### I.   PROCEDURAL BACKGROUND

Plaintiffs filed this action in the state district court on April 9, 2020. *See* Notice of Removal Ex. D-2. Defendants timely removed the case to this Court based on diversity of citizenship. *See* Notice of Removal. Plaintiffs filed the pending Motion on July 29, 2020, which is now ripe and pending before the Court.

### II.   SEVERANCE

A court has broad discretion to sever issues under Rule 21, *see Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994), and that discretion similarly allows for the severance and transfer of parties in the interest of justice, *see Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361-62 (5th Cir. 1974). "In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court . . . may sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district." *Carnival Corp. v. Tug W.O. Watson*, No. Civ. A. 02-2375, 2003 WL 943633, at *1 (E.D. La. Mar. 5, 2003) (citation omitted); *see also Stewart v. Livingston*, Civ. A. No. H-14-1483, 2014 WL 4975434,

1

at *5 (S.D. Tex. Oct. 3, 2014) (citation omitted) ("The Court . . . has broad discretion to sever and transfer issues that should be tried in another district."). Defendants agree with Plaintiffs' request to sever the cases. Accordingly, the Court exercises its discretion and finds that severance of the out-of-state plaintiffs is in the interest of justice.

## III.   TRANSFER

A district court may transfer any civil action to any other district or division in which it might have been brought for the convenience of the parties and witnesses, if such transfer is in the interest of justice. *See* 28 U.S.C. § 1404(a). The moving party bears the burden of demonstrating that a transfer of venue is warranted for convenience purposes. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The movant's burden is to show "good cause" for transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter, "*Volkswagen II*"). The Fifth Circuit explained:

> Th[e] good cause burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice.

*Id.* (internal quotation marks omitted). The determination of venue transfer pursuant to § 1404(a) is within the district court's sound discretion, exercised "in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001) (citing *Radio Santa Fe v. Sena*, 687 F. Supp. 284, 287 (E.D. Tex. 1988))). In doing so, the court must balance the two categories of interest—private and public—to resolve whether the movant has carried his burden. *Volkswagen II*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and

2

inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (hereinafter, "*Volkswagen I*")

(citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors are:

"(1) the administrative difficulties flowing from court congestion; (2) the local interest in having

localized interests decided at home; (3) the familiarity of the forum with the law that will govern the

case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign

law." *Id.*

Plaintiffs request this Court to transfer the out-of-state plaintiffs to the jurisdictions in which

they had surgery for the implantation of their Bard inferior vena cava filter. *See* Mot. 7. The identified

cases might have been brought in those jurisdictions because that is where "a substantial part of the

events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). With respect to the

private and public interest factors, Plaintiffs assert that the out-of-state plaintiffs have essentially no

connection to the state of Texas. *See* Mot. 8-9; Pls.' App. They reside outside of Texas, they were

not implanted with a Bard inferior vena cava filter in Texas, and essentially all of their medical

treatment took place outside of Texas. *See generally* Mot. In summary, none of the out-of-state

plaintiffs have any connection whatsoever to the Dallas Division of the Northern District of Texas.

Moreover, Plaintiffs assert (and Defendants do not dispute) that the proposed transfer

jurisdictions correspond with the out-of-state plaintiffs' residences. *See* Mot. 8. Moreover, the out-

of-state plaintiffs received at least some medical care in that jurisdiction. *See id.* Thus, the private

and public interest factors weigh in favor of transfer, as (1) transfer will allow for ease of access to

sources of proof; (2) medical provider witnesses should be accessible through service of process; (3)

travel costs should be minimized; and (4) there is a local interest due to those plaintiffs' residences.

*See Volkswagen I*, 371 F.3d at 204.

The Court notes that while Defendants agree that Plaintiff Jessica Hill's ("Hill") case should

be severed and transferred, they assert that the record is insufficient to determine the appropriate state

of transfer. *See* ECF No. 25. Regardless, the Court finds, and the record is undisputed, that Hill resides in Kansas City, Kansas, *see* Pls. App. 002, and that she received at least some medical treatment in Lawrence, Kansas, *see* Pls. App. 010. Therefore, the Court finds that the public and private interest factors similarly weigh in favor of transfer with respect to Hill. Defendants agree that Plaintiff has identified the proper transferee district for the remaining out-of-state plaintiffs.

As a result, the Court finds that Plaintiffs have met their burden to clearly demonstrate that the proposed jurisdictions are more convenient forums for the parties and witnesses than the Dallas Division of the Northern District of Texas. *See* 28 U.S.C. § 1404(a); *Volkswagen II*, 545 F.3d at 315. Accordingly, based on the agreement of counsel and the undisputed representations by Plaintiffs' counsel, the Court **GRANTS** the Motion and directs the Clerk of the Court to sever and transfer this action as follows:

a. Plaintiff Audrey Black-Tureaud's case be severed and transferred to the West Palm Beach Division of the Southern District of Florida;

b. Plaintiff Leonora Brown's case be severed and transferred to the Atlanta Division of the Northern District of Georgia;

c. Plaintiff Michael Butler's case be severed and transferred to the Evansville Division of the Southern District of Indiana;

d. Plaintiff Jessica Hill's case be severed and transferred to the Topeka Division of the District of Kansas;

e. Plaintiff Shirley Hill's case be severed and transferred to the Charlotte Division of the Western District of North Carolina;

f. Plaintiff Carlin Juegens's case be severed and transferred to the St. Louis Division of the Eastern District of Missouri;

g. Plaintiff David Kuzma's case be severed and transferred to the Bay City Division

4

of the Eastern District Court Michigan;

h.  Plaintiff Robbie Miller's case be severed and transferred to the Raleigh Division of
the Eastern District Court North Carolina;

i.  Plaintiff Majorie Seeba's case be severed and transferred to the Fargo Division of
the District of North Dakota.

Plaintiff Daniel Garza is the sole plaintiff with any connection to this forum. Accordingly, he shall

remain in the Dallas Division of the Northern District of Texas.

**SO ORDERED.**

SIGNED August _13_, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

5